UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR<br>GUN RIGHTS<br>P.O. Box 7002<br>Fredericksburg, VA 22404,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE<br>2201 C Street, N.W.,<br>Washington, D.C. 20520,<br><br>    Defendant. | Civil Case No. 1:25-cv-2449 |

## COMPLAINT

1. Plaintiff National Association for Gun Rights ("NAGR") brings this action against the U.S. Department of State ("State") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel State's compliance with the FOIA's requirements.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff NAGR is a nonpartisan, nonprofit civil rights organization dedicated to American's Second Amendment rights.

1

5. Defendant State is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). State has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On April 11, 2025, NAGR submitted a FOIA request (Exhibit A) to State for records relating to the William Malzahn, Depurty Director of the Office of Conventional Arms Threat Reduction through State's FOIA portal.

7. Release of these records is in the public interest because it will contribute to the public's understanding of how the government is approaching the development and implementation of global standards surrounding arms control and the impact that may have on Americans' constitutional rights.

8. On April 11, 2025, State acknowledged receipt of the request by email and assigned it request number F-2025-14924. State sent an additional email stating that the status of the request had been updated to "Received."

9. On May 5, 2025, State sent NAGR an email stating that the request's status had been updated to "In Process."

10. On May 6, 2025, State sent NAGR an email with a formal acknowledgement letter for the request attached. The letter stated that State would not be able to respond to the request within the statutory 20 days due to "unusual circumstances" that included "the need to search for and collected requested records from other Department offices or Foreign Service Posts." The letter also requested that NAGR confirm its willingness to pay a minimum of $62.50 for the direct costs for duplication for records that may be produced. The letter stated that the

request would be tolled and would not be processed further until NAGR confirmed its willingness to pay the estimated direct cost of duplication fees.

11.     On May 6, 2025, State sent NAGR an email that the request's status had been updated to "On Hold – Fee related."

12.     On May 6, 2025, counsel for NAGR responded to State to confirm that NAGR was willing to pay direct costs for duplication up to $62.50.

13.     On May 21, 2025, State sent NAGR an email stating that the request's status had been updated to "In Process."

14.     On May 30, counsel for NAGR called State's service line for FOIA requests and spoke with a representative to ask for a status update on the request. The representative stated that the request's estimated response date was June 10, 2025.

15.     NAGR did not receive a response from State regarding the request on June 10, 2025.

16.     On June 13, 2025, counsel for NAGR called State's service line for FOIA requests again and spoke with a representative to ask for a status update on the request in light of the now-passed June 10, 2025, original estimated response date. The representative stated that the previously-stated June 10, 2025, response date was automatically generated and did not reflect an earnest assessment of the time to respond to the request and further stated that no estimated response date could be given. The representative suggested that NAGR send an email to State's FOIA administrators to ask for a status update in writing.

17.     On June 13, 2025, counsel for NAGR sent an email to State's email address for FOIA status updates to ask about the status of the request and for an estimated production date.

18. On June 23, 2025, counsel for NAGR followed up on his June 13, 2025, email to again ask for a status update on the request.

19. On June 27, 2025, State responded to counsel for NAGR's email from June 13, 2025. State responded: "The Office of Information Access Liaison is in receipt of your email below. We will follow-up with you as soon as possible to provide an updated estimated date of completion for your request."

20. On July 3, 2025, State responded to counsel's for NAGR's follow up email from June 23, 2025, with an identical email to the one it sent on June 27, 2025.

21. State has provided no further communications to NAGR since the July 3, 2025, email. To date, State has not provided a response to the request, an updated estimate for when it will do so, or any other substantive update regarding the request despite NAGR's multiple status inquiries.

22. As record above indicates, over 109 days have elapsed since State received NAGR's request, yet State still has not made a determination with respect to it. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). State has not produced responsive documents to NAGR, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed NAGR of its ability to appeal any adverse portion of its determination.

23. Given these facts, State has not met its statutory obligations to provide the requested records.

24. Through State's failure to make a determination within the time period required by law, NAGR has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

a. NAGR repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

b. NAGR's request was a properly submitted request for records within the possession, custody, and control of State.

c. State is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

d. State is wrongfully withholding non-exempt agency records requested by NAGR by failing to produce non-exempt records responsive to its request.

e. State's failure to provide all non-exempt responsive records violates FOIA.

f. Plaintiff NAGR is therefore entitled to declaratory and injunctive relief requiring State to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

### REQUESTED RELIEF

Plaintiff NAGR respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until Defendant State complies with the requirements of FOIA and any and all orders of this Court.

(2) Order State to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to NAGR's

request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

(3) Award NAGR's the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Grant NAGR other such relief as the Court deems just and proper.

Dated: July 29, 2025                                Respectfully submitted,

                                                    NATIONAL ASSOCIATION FOR GUN RIGHTS

                                                    By Counsel:

                                                    /s/ Jacob William Roth
                                                    Jacob William Roth
                                                    D.D.C. Bar ID: 1673038
                                                    DHILLON LAW GROUP, INC.
                                                    1601 Forum Plaza, Suite 403
                                                    West Palm Beach, Florida 33401
                                                    Telephone: 561-227-4959
                                                    JRoth@Dhillonlaw.com

                                                    *Counsel for the Plaintiff*