Freedom of Information Act Request                                                    April 11, 2025

**VIA ONLINE PORTAL & ELECTRONIC MAIL**

National Association for Gun Rights
2300 W. Eisenhower Boulevard
Loveland, CO 80537

U.S. Department of State
Information Access Liaison Office, A/SKS/IAP/IAL
2201 C Street N.W., Suite B266
Washington, D.C. 20520-0000

**Re: Freedom of Information Act Request**

Dear U.S. Department of State,

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 522, and the implementing regulations of your agency, the National Association for Gun Rights makes the following request for records.

**Requested Records**

The National Association for Gun Rights (NAGR) requests that the U.S. Department of State produce the following records within twenty business days:

> All records reflecting communications including (but not limited to) emails, email attachments, text messages (iMessage, SMS, Signal, WhatsApp, Telegram, or other similar messaging services), messages among various intraoffice communication platforms such as Microsoft Teams, Slack, and Asana, and telephone call logs, occurring from March 1, 2013 to the date of this request, wherein William B. Malzahn, Deputy Director of the Office of Conventional Arms Threat Reduction, is a sender, recipient, and/or participant, mentioning the following search terms:
>
> 1. Arms Trade Treaty
> 2. ATT
> 3. National Association for Gun Rights
> 4. NAGR
> 5. Dudley Brown
> 6. Small Arms and Light Weapons
> 7. SALW
> 8. Second Amendment
> 9. Ratification
> 10. Stimson Center
> 11. Rachel Stohl
> 12. Control Arms
> 13. ATT Monitor
> 14. Firearms & Ammunition Import/Export Roundtable

- 15. F.A.I.R.
- 16. National Rifle Association
- 17. NRA
- 18. treaty implementation
- 19. Small Arms Survey
- 20. working group

In addition to the records requested above, NAGR also requests records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched and any tracking sheets used to track the processing of this request.

**Guidance Regarding the Search & Processing of Requested Records**

In connection with its request for records, NAGR provides the following guidance regarding the scope of the records sought and the search and processing of records:

- Please search all locations and systems likely to have responsive records.

- Please utilize the phone numbers 1-202-647-0397, 1-202-549-7471, the email address MalzahnWB@state.gov, and any other forms of government-issued/provided contact associated with William B. Malzahn, Deputy Director of the Office of Conventional Arms Threat Reduction, for the purposes of this search.

- Responsive records for the requested search will likely include communications with accounts that have the following email domains:

    - @thearmstradetreaty.org
    - @fairtradegroup.org
    - @controlarms.org
    - @attmonitor.org
    - @sipri.org
    - @smallarmssurvey.org

- Our request for records includes any attachments to those records or other materials enclosed with those records when they were previously transmitted. To the extent that an email is responsive to our request, our request includes all prior messages sent or received in that email chain, as well as any attachments to the email.

- Please search all relevant records or systems containing records regarding agency business. Do not exclude records regarding agency business contained in files, email accounts, or devices in the personal custody of your officials, such as personal email accounts or text messages. Records of official business conducted using unofficial systems or stored outside of official files are subject to the Federal Records Act and FOIA. It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; NAGR has a right to records contained in those files even if material has not yet been moved to official systems or if officials have, by

- intent or through negligence, failed to meet their obligations.

- Please use all tools available to your agency to conduct a complete and efficient search for potentially responsive records. Agencies are subject to government-wide requirements to manage agency information electronically, and many agencies have adopted the National Archives and Records Administration (NARA) Capstone program, or similar policies. These systems provide options for searching emails and other electronic records in a manner that is reasonably likely to be more complete than just searching individual custodian files. For example, a custodian may have deleted a responsive email from his or her email program, but your agency's archiving tools may capture that email under Capstone. At the same time, custodian searches are still necessary; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

- Please provide all records in a readily accessible electronic format and in the format requested, per 5 U.S.C. § 552(a)(3)(B) ("In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format."). "Readily accessible" means text-searchable and OCR-formatted. We request that *all* records be provided in an electronic format, and that they be provided in load-ready format with a CSV file index or Excel spreadsheet, or, for files in .PDF format, without any "portfolios" or "embedded files"—portfolios and embedded files are not readily accessible. Do not provide the records in a single or "batched" .PDF file. We request the inclusion of an index.

- In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. For responsive records that you believe are exempt in whole or in part, provide a log describing the record and why you believe the exemption applies. If a request is denied in whole, please state specifically why it is not reasonable to segregate portions of the record for release.

- Please take appropriate steps to ensure that records responsive to this request are not deleted by the agency before the completion of processing for this request. If records potentially responsive to this request are likely to be located on systems where they are subject to potential deletion, including on a scheduled basis, please take steps to prevent that deletion, including, as appropriate, by instituting a litigation hold on those records.

### Fee Waiver Request

The National Association for Gun Rights (NAGR) is entitled to a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). In the alternative, as a representative of the news media, fees assessed to NAGR are limited to reasonable and standard charges for document search and duplication. 5 U.S.C. §552(a)(4)(A)(ii)(III).

### I. NAGR is Entitled to a Full Fee Waiver.

Under section 552(a)(4)(A)(iii), documents shall be furnished without any charge or at a reduced charge "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." See also 28 U.S.C. § 16.10(k).

Freedom of Information Act Request											April 11, 2025

First, the requested records would shed light on the operations or activities of the government. The request seeks information about U.S. involvement in setting international standards for the arms trade. This is a quintessential government activity within the scope of foreign relations. These records are likely to be meaningfully informative regarding how the U.S.'s role as a major stakeholder in the global arms trade has affected international policy development. This information is not already in the public domain, either in the same or a substantially identical form. Moreover, this information is of great interest to a reasonably broad audience of people. With a renewed interest in foreign affairs, many Americans are eager to better comprehend the U.S.'s place in the geopolitical sphere.

In addition, NAGR has 4.5 million members and supporters who care about the Second Amendment, an email list and quarterly newsletter to keep them informed, and a robust press operation to help disseminate information to the general public. Once NAGR receives responsive documents, it will analyze the provided information and present it to its members, supporters, and the general public.

Second, this request will help educate the public about how the U.S. interacts with major policy beyond the typical national scope. NAGR is a non-profit organization, acting consistent with section 501(c)(4). Educating the public about threats to Second Amendment liberties is a critical part of what NAGR does. Understanding how the U.S. fits into the development and implementation of global standards surrounding arms control is an essential element of following the future of regulatory frameworks.

**II. NAGR is a Media Organization within the Meaning of FOIA.**

In *Cause of Action v. FTC*, 799 F.3d 1108 (D.C. Cir. 2015), the D.C. Circuit set out a five-part test for whether a requestor is a media organization: "A requester must: (1) gather information of potential interest (2) to a segment of the public; (3) use its editorial skills to turn the raw materials into a distinct work; and (4) distribute that work (5) to an audience." 799 F.3d at 1121; *see also* 5 U.S.C. § 552(a)(4)(A)(ii). In addition, the news-media fee waiver applies only to records that "are not sought for commercial use." 5 U.S.C. § 552(a)(4)(A)(ii)(II). NAGR satisfies these criteria.

First, NAGR gathers information of potential interest to a segment of the public. NAGR tracks new or proposed restrictions on gun rights. This information is of great interest to a segment of the public that is interested in Second Amendment issues including, but not limited to, NAGR's 4.5 million members and supporters who come to NAGR in part to stay informed.

Second, NAGR uses its knowledge and editorial skills to turn raw materials into distinct works. NAGR has a traditional newsletter, The Gun Activist, which it mails to its members and which contains articles synthesizing raw information and editorializing.

Moreover, as the court made clear in Cause of Action, "[a] substantive press release or editorial comment can be a distinct work based on the underlying material, just as a newspaper article about the same documents would be — and its composition can involve 'a significant degree of editorial discretion.'" Cause of Action, 799 F.3d at 1122. NAGR publishes substantive press releases and makes substantive comments.

Third, NAGR distributes its work to an audience. NAGR distributes its work directly to its members and supporters. In addition, NAGR's work is made publicly available on the internet to anyone who visits the organization's website.

Freedom of Information Act Request                                                                April 11, 2025

Finally, we note that the court in *Cause of Action* held that an organization's function as a public interest advocacy group does not diminish its qualification as a member of the media: "We also disagree with the suggestion that a public interest advocacy organization cannot satisfy the statute's distribution criterion because it is 'more like a middleman for dissemination to the media than a representative of the media itself,'" 799 F.3d at 1125 (citations omitted), in part because "the government now accepts that an entity may 'distribute[] [its] work' by issuing press releases to media outlets in order to reach the public indirectly." *Id.* at 1125-1126.

For the foregoing reasons, NAGR is entitled to a full fee waiver for this request and, in the alternative, qualifies as a representative of the media within the meaning of FOIA.

**Conclusion**

If you have any questions regarding how to construe this request for records, please do not hesitate to contact NAGR to discuss this request. NAGR welcomes the opportunity to discuss the request before you undertake your search. Where possible, please provide responsive material in an electronic format by email. If it will accelerate release of responsive records to NAGR, please also provide responsive material on a rolling basis.

NAGR looks forward to working with the U.S. Department of State on this request. Any questions can be directed to NAGR's counsel, Jacob William Roth at jroth@dhillonlaw.com. Records productions made be made to Libby Brown and Hannah Hill at foia@gunrights.org. Additionally, if NAGR's request for a fee waiver is not granted in full, please contact Mr. Roth immediately upon making such a determination.

NAGR appreciates your prompt attention and looks forward to receiving responsive records.